[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 3, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10776
Non-Argument Calendar

_____

BIA Nos. A95-903-313 & A95-903-314

MARIO EDUARDO CHALELA,
ALBA MARIELA GIL,
MARIO FERNANDO CHALELA,

                                                        Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                        Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(December 3, 2007)**

Before CARNES, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Mario Eduardo Chalela, his wife Alba Mariela Gil, and their son Mario

Fernando Chalela ("Fernando") petition this court for review of the Board of Immigration Appeals' ("BIA") affirmance of the Immigration Judge's ("IJ") order of removal and denial of asylum and withholding of removal. Because we conclude that the BIA applied the incorrect standard, we vacate and remand.

## I. Background

Chalela, Gil, and Fernando, natives and citizens of Colombia, entered the United States in 2002 on immigrant visas, and remained beyond the expiration period. The INS issued notices to appear, charging them with removability under INA § 237(a)(1)(B); 8 U.S.C. § 1227(a)(1)(B). Chalela, as lead petitioner, filed an application for asylum and withholding of removal, alleging that he and his family had been persecuted by the Revolutionary Armed Forces of Colombia ("FARC") on account of his political opinion.[1] Gil and Fernando proceeded as derivative beneficiaries of Chalela's application.

At the removal hearing, Chalela conceded removability and testified as follows: He was an industrial engineer in Bogota and had been active in the Liberal Party for twenty years. He lived with his wife, son, and daughter, who was a

---

[1] It appears that Chalela also requested relief under the United Nations Convention Against Torture ("CAT"). He did not raise the issue before the BIA or in his brief before this court. Therefore, it is unexhausted, and abandoned, and we do not consider it. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 (11th Cir. 2005) (discussing abandoned claims); Fernandez-Bernal v. U.S. Att'y Gen., 257 F.3d 1304, 1317 n.13 (11th Cir. 2001) (discussing exhaustion requirements).

student.  In 2001 and 2002, he engaged in weekly meetings and campaign activities on behalf of presidential candidate Uribe, who opposed FARC.  Chalela began to experience problems on December 15, 2001, when he received a phone call from someone identifying himself as a FARC member and warning Chalela to stop his activities.  Over the next few months, Chalela, Gil, and Fernando received over 300 threatening calls.[2]  In February 2002, a FARC member approached Chalela during a neighborhood campaign and informed Chalela that he was now a military target and must stop his activities.  Chalela continued to receive calls, which he believed to be psychological torture.  Shortly after Uribe won the election in May 2002, Chalela, Gil, and Fernando were intercepted by FARC members as they drove home from visiting family.  The FARC removed Chalela, Gil, and Fernando from the car, forced Gil and Fernando to kneel with guns pointed at the back of their heads, and beat Chalela.  The FARC members told the family to leave the country or they would be killed.  Chalela was treated in an area clinic for stitches and a bloody nose.  Although Chalela had not reported the phone calls to police, he went to the police after this attack.  He was told the police could not offer help without any evidence.  Chalela did not return home after the attack, but went into hiding until he left Colombia.

---

[2] Chalela's daughter did not receive any calls and had moved to the United States in January 2002 to attend Rice University.  She returned to Colombia in 2004 to attend medical school and has lived in Colombia without incident.

The IJ denied relief without making an adverse credibility determination, but concluding that the events described did not rise to the level of persecution. The IJ noted that Uribe had won the election, ending Chalela's campaigning activities. The IJ further cited the fact that Chalela's daughter returned to Colombia for medical school in 2004, and had been living there without incident. Chalela appealed to the BIA, which affirmed the IJ in its own opinion citing the same reasons as the IJ's opinion. Chalela now petitions this court for review.

## II. Discussion

Where the BIA adopts the IJ's decision, we review the IJ's decision as adopted by the BIA.[3] Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1235-36 (11th Cir. 2006); Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 956 (11th Cir. 2005). To the extent that the IJ's decision was based on a legal determination, we review the decision de novo. Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1254 (11th Cir. 2006); D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004). The IJ's factual determinations are reviewed under the substantial evidence test, and this court "must affirm the [IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar v. Ashcroft, 257 F.3d 1262, 1283-84 (11th Cir. 2001) (quotation and internal marks

---

[3]   Although the BIA adopted the IJ's decision, it was not a summary affirmance. Nevertheless, the reasons given by the BIA were the same as those given by the IJ. Therefore, we review the IJ's decision.

4

omitted).  Additionally, "[u]nder the substantial evidence test, we review the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision."  Ruiz, 440 F.3d at 1255 (citing Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).  Thus, "a finding of fact will be reversed only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings."  Id.  (quotation omitted).

The Attorney General has discretion to grant asylum if an alien meets the INA's definition of "refugee."  INA § 208(b)(1), 8 U.S.C. § 1158(b)(1).  The INA defines "refugee" as follows:

> [A]ny person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of . . . political opinion.

8 U.S.C. § 1101(a)(42)(A) & (B).  The asylum applicant bears the burden of proving refugee status.  Al Najjar, 257 F.3d at 1284.  To meet this burden, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution.  8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287.

If the alien establishes past persecution, he is presumed to have a well-

5

founded fear of future persecution unless the government can rebut the presumption. D-Muhumed, 388 F.3d at 818 (citing 8 C.F.R. § 208.13(b)(1)(i), (ii)). If an alien's testimony is credible, it may be sufficient, without corroboration, to satisfy his burden of proof in establishing his eligibility for relief from removal. 8 C.F.R. §§ 208.13(a), 208.16(b); Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005).

Here, the IJ did not make an explicit adverse credibility determination; thus, we consider Chalela's testimony credible. Mejia v. U.S. Att'y. Gen., 2007 WL 2492299, at *3 (11th Cir. 2007); Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005).

In this case, the IJ concluded that the events qualified as mere harassment and did not rise to the level of persecution, but it does not appear that the IJ or the BIA considered the events cumulatively as required by our case law. Ruiz v. Gonzales, 479 F.3d 762, 766 (11th Cir. 2007). Because the BIA applied the wrong standard in failing to consider the events cumulatively, and because the BIA should make this determination in the first instance, we vacate and remand. See Gonzalez v. Thomas, 547 U.S. 183, 186, 126 S.Ct. 1613, 1615 (2006) (holding that the ordinary remand rule requires the court of appeals to the remand to the BIA for factual findings); INS v. Ventura, 537 U.S. 12, 15, 123 S.Ct. 353, 355 (2002); Lopez v. U.S. Att'y Gen., 490 F.3d 1312, 1316 (11th Cir. 2007).

6

Should the BIA conclude that Chalela suffered past persecution based on the cumulative events, it must then determine whether the alleged persecution was on account of a protected ground and the question of relocation.

Because the BIA applied the wrong standard, and we do not act as factfinders, we VACATE and REMAND.

**VACATED and REMANDED.**